Davis v. Evans.

DAVIS, *Appellant*, v. EVANS *et al.*

1.  **Dower:** SEIZIN OF HUSBAND. Under the present statute actual seizin of land by the husband is not essential to support a claim of dower by his widow. (R. S. 1889, sec. 4535. ) This was the law in force in 1886.

2.  ——: ——, A widow may now be endowed of interests in realty, whereof any other person was seized to the use of her hus-band during his life, as well as of strict legal estates. (R. S. 1889, sec. 4513.) The law was the same in 1886.

3.  ——: EXECUTION SALE OF HUSBAND'S LAND. An execution sale of land of the husband during coverture under a judgment against him is ineffectual to pass the dower interest of the wife, without her assent as provided by statute. ( R. S. 1889, sec. 4525.)

4. ————: EVIDENCE: DECLARATIONS OF HUSBAND AGAINST WIFE'S INTEREST. Declarations of the husband made after he had ceased to have any constructive possession or estate in law or equity in land, he never having had seizin in fact, are not admissible against the wife in an action by her to enforce her claim to dower in the land.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

THIS action is to enforce the claim of plaintiff to dower in certain land as the widow of S. W. Davis who died in 1886.

It seems that during the marriage the latter bid in the land at a partition sale in 1860, and a deed therefor was duly made to him as purchaser, May 2, 1863, by the sheriff, reciting full payment of the purchase money by him. Meanwhile Mr. Williams, through whom defendants claim, had purchased the interest of Mr. Davis in the property by a sale on execution, May 1, 1863, receiving a deed therefor, May 4, 1863, and so dated, under a judgment rendered in April, 1862. Mr. Davis never was in actual possession of the land.

Defendants' evidence (assuming it competent) tends further to show that Mr. Davis, in the year 1868, admitted having purchased the land at the partition sale for the use of himself and Mr. Williams ; that each paid one-half of the cash payment, and their joint notes were given for the deferred payments, which were met by Williams, Davis paying no part thereof, and never having refunded to Williams any of the amount paid by him.

Plaintiff objected to this evidence on the ground that she was not bound by the admissions of her husband made at that time, but the court overruled the objection and an exception was duly saved.

Except these admissions of S. W. Davis, there was. no evidence that the land was acquired by Davis for himself and Williams, nor that Williams paid the notes given for the purchase price.

The case was tried by the court without a jury, and a judgment rendered for defendant, from which plaintiff in due form took this appeal.

The material facts are undisputed. The opinion states such other matters as are necessary to a full understanding of the case.

*W. W. Fry,* for appellant.

(1) The right of the husband during coverture to make corporeal seizin is sufficient to entitle the widow to dower without actual seizure. Therefore, it is of no effect whether Davis had actual possession or not. *Gentry v. Woodson,* 10 Mo. 224; *Warren v. Williams,* 25 Mo. App. 22; R. S., secs. 2186 and 2207. (2) The quitclaim deed offered in evidence by defendant from Davis and wife passed no title, because there was no acknowledgment by Mrs. Davis, such as would divest her of dower. This was in 1868. R. S. 1865, secs. 13, 14, p. 445; *Hord v. Taubman,* 79 Mo. 103; *Fisher v. Nelson,* 8 Mo. App. 90; *Bennett v. McCluey,* 78 Mo. 666; *Wannel v. Kem,* 57 Mo. 478; *Miller v. Powell,* 53 Mo. 252; *Chauvin v. Wagner,* 18 Mo. 531; *Thomas v. Hesse,* 34 Mo. 13. (3) Williams' answer in the Crump case, and the testimony of witness Duncan, was hearsay and incompetent and erroneously admitted. Greenl. Ev., sec. 90. It was the declaration of a third party and could not be admissible for any purpose. Declarations touching the title to land are inadmissible to impair the titles of others. *Hambright v. Brockman,* 59 Mo. 52; *Grady v. McCorkle,* 57 Mo. 172; *Williams v. Courtney,* 77 Mo. 587. Declarations of a party, not in possession, touching the title to property are valueless and inadmissible. *Gordon v. Ritenour,* 87 Mo. 59;

*Weinrich v. Porter*, 47 Mo. 293 ; *Albert v. Besel*, 88 Mo. 154. ( 4 ) The widow is entitled to dower in the land of her husband held under an inchoate title, although he may have conveyed it prior to the confirmation. *Thomas v. Hesse*, 34 Mo. 13.

*Geo. B. Macfarlane* for respondent.

Davis had not such seizin as would at common law entitle his wife to dower. He had neither deed nor possession during coverture. 1 Washburn Real Prop. 215 ; 1 Scrib. Dower, 249, *et seq.* The purchase money was never paid by plaintiff's husband, and no one was seized to his use, and he had no such seizin as would entitle plaintiff to dower under section 2186. *Worsham v. Callison*, 49 Mo. 207 ; *Duke v. Brandt*, 51 Mo. 223. The burden is on plaintiff to prove seizin, and there was no evidence showing that plaintiff's husband was seized prior to the date of the sale under which Williams bought. *Gentry v. Woodson*, 10 Mo. 225. The sheriff's deed to Williams related back to date of sale. *Shumate v. Reavis*, 49 Mo. 333. The transfer by sheriff's sale and deed of Davis' equitable interest to Williams defeated plaintiff's inchoate right of dower. *Worsham v. Callison*, 49 Mo. 207 ; *Duke v. Brandt*, 51 Mo. 223. The declarations of Davis that he only held the title in trust for Williams were admissible against plaintiff, who claimed through him. *Van Duyne v. Thayre*, 14 Wend. 233 ; *Johnson v. Quarles*, 46 Mo. 423 ; *Ringo v. Richardson*, 53 Mo. 385. If Williams paid Davis' part of the purchase price under the trust agreement between them, then Williams retained a lien on the land for the amount so paid, and plaintiff acquired no right to dower in the land, the purchase money not being paid. *Edmonston v. Phillips*, 73 Mo. 59 ; *Sweet v. Jeffries*, 48 Mo. 279 ; *Bennett v. Shipley*, 82 Mo. 453.

BARCLAY, J.—It may be well at the outset to refer for a moment to the pleadings which appear to simplify

some of the questions discussed by the learned counsel in their briefs.

Defendants' answer states, among other things, that in 1860 the deed, purporting to convey the land in controversy, was executed and delivered to Mr. Davis, but it is charged that the same was in trust for the use and benefit of Mr. Williams "who paid the consideration therefor," and that the only interest of Mr. Davis in the property was as such trustee.

The effect of these allegations is an admission that Mr. Davis acquired the legal title to the property, but merely held it subject to a resulting trust in favor of Mr. Williams.

Under the present law of Missouri actual seizin of land by the husband is not essential to support a claim of dower by his widow. R. S. 1889, sec. 4535.

Furthermore, she may now be endowed of interests in realty whereof any other person was seized to the use of her husband during his life as well as of strict legal estates. R. S. 1889, sec. 4513. Such was the law governing this controversy, in force when Mr. Davis died. *Burgess v. Bowles*, 99 Mo. 543.

Another statutory provision bearing on this appeal renders the execution sale to Williams during the coverture ineffectual to pass the dower interest of plaintiff in the land without her statutory assent ( R. S. 1889, sec. 4525 ), if Mr. Davis then had such an estate therein as would support the right of dower.

Applying these rules to the case made by the pleadings and evidence, it is clear that plaintiff is entitled to be endowed of the land in controversy unless Mr. Davis in fact acquired and held the legal title upon a trust resulting in favor of Mr. Williams by reason of the payment of the consideration by the latter as alleged in the answer. In that event she could not properly claim to be endowed.

But defendants' own evidence, if regarded as admissible, does not sustain the allegations of the answer in

this regard to their full extent.  It tends to show that Mr. Davis, in making the purchase at the partition sale, was acting for himself and Mr. Williams jointly ; that each paid half of the first cash payment and joined in equal notes for the postponed installments.  It would seem that Mr. Davis did not meet his portion of these notes, and that they were discharged entirely by Mr. Williams.  Whether this gave him or defendants ( who represent the interests of Mr. Williams) a standing in equity to be subrogated to the rights and remedies of the original vendor against the property, with regard to the purchase money, this record does not require us to decide, for no such position is taken by defendants or asserted in their pleading.  Certain is it, however, that the evidence does not sustain the contention of the answer that Mr. Davis purchased solely for Mr. Williams.  It shows the very contrary, and that Mr. Davis had, with the legal title ( conceded by defendants in their pleading ), some beneficial interest or equity in the property.

But it will not be necessary to determine its exact nature, for we are agreed that the admissions referred to should not have been received, or be considered in evidence.  They were made in 1868, long after Mr. Davis had parted with all personal interest, right or estate in the subject of the suit.

It is, furthermore, admitted that he was never in actual possession of the property in controversy.  So that, when the declarations against his supposed interest were thrown out, he had no seizin in fact, nor any constructive possession or estate in law or equity in the land, according to defendants' own theory of the case.  In this situation his declarations were inadmissible to fix an equity upon the legal titles or interests involved in this litigation.  *Steward v. Thomas* ( 1864 ), 35 Mo. 202 ; *Weinrich v. Porter* ( 1871 ), 47 Mo. 293.

The judgment should be reversed and the cause remanded, all of the judges concurring.