MARGARET S. LIENTZ, Appellant, v. H. W. SCHOTTE et al.

Division Two, September 8, 1922.

1. DOWER: Sale of Husband's Lands Under Execution. In view of the express words of the statute (Sec. 326, R. S. 1919) the sale of the husband's land under a judgment against him alone can in no wise affect the inchoate right of his then wife to dower therein.

2. ———: Laches: Estoppel: Limitations. The wife's inchoate right to dower in her husband's land sold under a judgment against him alone is in no wise affected during his life by her laches or by acts of estoppel *in pais* or by the Statute of Limitations, and none of these things begin to affect her dower right while he lives. Until his death she has no right of possession in lands owned by him at any time during coverture, nor can she institute suit for the admeasurement of dower.

3. ———: Husband and Wife as Cotenants: Sale of His Interest Under Execution: Subsequent Partition: Res Adjudicata. Where lands were deeded to a husband and wife, an undivided half to each, and subsequently judgment for debt was rendered against him

alone and his interest sold under execution, and thereafter suit for partition was brought by the execution purchaser against both the husband and wife, and the lands were divided by commissioners, one-half of them being set off to said purchaser and the other half to the wife, and afterwards she and her husband joined in a deed conveying the half set off to her, she was not by said proceedings barred from the recovery of dower, after her husband's death, in the lands allotted by the commissioners to the execution purchaser. She was a necessary party to the partition proceeding, since she was the owner of an undivided half interest in all the lands, and it was entirely appropriate that she appeared to protect her interests, but her husband and the execution purchaser of his interest were not tenants in common, and as the question of her inchoate right of dower in the lands set off to such purchaser was not determined or raised as an issue in the partition suit the judgment therein cannot be considered or urged as an adjudication of her right to dower consummate.

4. ——: Partition: Tenants in Common. Where lands are held by tenants in common and by partition proceedings are divided between them, the inchoate right of dower of the wife of one of them continues to exist in the lands allotted to her husband, but is immediately divested in the lands allotted to the other. But where lands are held by a husband and wife as tenants in common, and the undivided interest of the husband is sold under a judgment against him alone, the execution purchaser and the said husband are not tenants in common, and if partition is brought by said purchaser against the wife and her husband, and a part of the lands are set off to her by commissioners, her inchoate right of dower in the lands set off to such execution purchaser is not thereby extinguished, and to permit it to be defeated by such proceeding would be to permit the husband to do indirectly what he cannot do directly, in clear violation of the statute (Sec. 326, R. S. 1919).

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

Reversed and remanded.

*Clay H. Alexander* and *E. C. Anderson* for appellant.

The court erred in rendering judgment for the defendants under the pleadings, the law and the facts in

this case. R. S. 1909, sec. 358; Wagner's Statutes Mo. 1870, chap. 47, sec. 13; R. S. 1879, sec. 2197; R. S. 1889, sec. 4525; R. S. 1899, sec. 2946; 19 C. J. 519; McClanahan v. Porter, 10 Mo. 746; Graddy v. McCorkle, 57 Mo. 174; Davis v. Evans, 102 Mo. 168; Davis v. Green, 102 Mo. 181; McCrillis v. Thomas, 110 Mo. App. 699; Linville v. Greer, 165 Mo. 380, 398; Powell v. Bowen, 214 S. W. 144; Crenshaw v. Creek, 52 Mo. 98; Case v. Mitzenburg, 109 Mo. 311; Thompson v. Reeve, 12 Mo. 157; Freeman on Judgments, sec. 303; 19 Cyc. 520 (176) sec. 51; Chaney v. Chaney, 38 Ala. 35; Mitchell v. Fanish, 69 Md. 235.

*Ralph T. Finley* for respondents.

(1) A plea of former adjudication is maintainable against a married woman to the same extent and effect as against any other person. McCormick v. Kirby, 63 Mo. 154; Ketchum v. Christman, 128 Mo. 38; Lindell R. E. Co. v. Lindell, 142 Mo. 83. (2) Conceding that a married woman may not be barred by laches or by estoppel *in pais,* there is no reason why she may not be estopped by deed, contract or judgment. Brannock v. Magoon, 216 Mo. 729; Lemon v. Lemon, 273 Mo. 494. (3) A wife's inchoate right of dower is divested by partition during coverture, although she is not made a party to the suit in partition. Her inchoate right of dower is subject to the paramount right of partition. Lee v. Lindell, 22 Mo. 202; Hinds v. Stevens, 45 Mo. 209; Blevins v. Smith, 104 Mo. 613; Teckenbrock v. McLaughlin, 246 Mo. 719. (4) By express provisions of the statute in force at the time of the execution sale and of the partition sale in question (Laws, 1868, Adj. Sess., p. 87), the wife could have been sued by the husband, or she could have sued the husband without the intervention of a next friend, and, therefore, either could have sued for partition. Grimes v. Reynolds, 184 Mo. 687. (5) The proceedings in partition by Clarkson against Margaret S. Lientz and husband divested the

plaintiff of her inchoate right of dower. Holly v. Glover, 36 S. C. 404, 16 L. R. A. 776, 31 Am. St. 883. (6) Even a parol partition is binding and will effectually bar the inchoate right of dower of one of the tenants in common. Sutton v. Porter, 119 Mo , 103; Edwards v. Latimer, 183 Mo. 610; Wilkinson v. Parish, 3 Paige (N. Y.) 653; Gross v. Lieber, 10 Ky. 316. (7) A partition once made divests the interest of all the parties and vests in the purchaser or those to whom allotments in kind are made the fee-simple title to the land sold or allotted. Case v. Mitzenberg, 109 Mo. 314; Hart v. Steedman, 98 Mo. 452; Holliday v. Langford, 87 Mo. 577; Becker v. Stroeher, 167 Mo. 321.

DAVID E. BLAIR, J.—Suit for admeasurement of dower in 155 acres of land in Boone County, for damages for deforcement of such dower and for a finding as to monthly rents and profits. Respondents (defendants) prevailed below and plaintiff has appealed. The appeal was lodged in the Kansas City Court of Appeals, and that court has transferred the cause to this court upon the ground that title to real estate is involved.

We think the facts are fairly stated in appellant's brief and quote therefrom as follows:

"It is alleged in plaintiff's petition and admitted by the answer of the defendants:

"First: That on the 15th day of January, 1872, Chesterfield Quisenberry and Susan Quisenberry, his wife, of Boone County, Missouri, who were the owners in fee simple of 299.63 acres of land, situated in that county, made, executed and delivered to the plaintiff, Margaret S. Lientz, and her husband, William A. Lientz, a warranty deed by which they conveyed to the said plaintiff and her husband in fee simple all the land described in the petition and by virtue of the terms of the said deed the plaintiff, Margaret S. Lientz and William A. Lientz, her husband, became the owners in fee simple of an estate of inheritance in and to the lands mentioned, each owning an undivided one-half thereof as tenants in common.

"Second: That at the August Term, 1874, the Exchange National Bank of Columbia, Missouri, brought an action in the Circuit Court of Boone County, against James L. Hickman and William A. Lientz, and obtained a judgment against Hickman and Lientz for $1,009.72 debt and damages, and $11.80 costs, and this judgment was assigned by the bank to John S. Clarkson.

"That at the same August Term, 1874, John S. Clarkson brought suit against James L. Hickman and William A. Lientz in the Circuit Court of Boone County, and recovered judgment against said Hickman and Lientz for $2,400 and $682.20 damages and costs.

"That on March 6th, 1877, writs of execution were issued from the office of the Clerk of the Circuit Court of Boone County, Missouri, upon said judgments, and all the right, title and interest of William A. Lientz in and to the lands purchased of said Quisenberry and Quisenberry were sold, and John S. Clarkson, the execution creditor, became the purchaser of all the interest of William A. Lientz in and to the 299.63 acres of land and received a sheriff's deed therefor.

"Third: At the August Term, 1877, of the Circuit Court of Boone County, Missouri, John S. Clarkson brought a suit in partition against William A. Lientz and Margaret S. Lientz, alleging that he and the said Margaret S. Lientz were the owners in fee simple, as tenants in common, of said 299.63 acres of land and prayed that the land be partitioned and that the interest of William A. Lientz, as tenant in common with the said Margaret S. Lientz, be set off and allotted to him as the owner of the same, and that each were entitled to an undivided one-half of said lands, quantity and quality considered.

"That the Circuit Court of Boone County duly proceeded to make partition of said lands, appointed commissioners, and said commissioners duly set off to said judgment creditor, John S. Clarkson, 155 acres of the land and set off to Margaret S. Lientz 145.63 acres, and the court approved the report of the commissioners, and

295 Mo.—22

John S. Clarkson went into possession of the lands set off to him, and he and those claiming under him have been in possession ever since.

"Fourth: It was further alleged in the petition, and admitted by answer, that the plaintiff, Margaret S. Lientz and William A. Lientz were on the 15th day of January, 1872, and prior thereto, legally married, and were at that date husband and wife, and that said marital relations continued until the death of William A. Lientz on the 3rd day of January, 1919.

"That there were born of said marriage eight children, four of whom are still living.

"Fifth: That on the 2nd day of January, 1920, Margaret S. Lientz duly brought her action in the Circuit Court of Boone County, Missouri, for admeasurement of her dower in said 155 acres of land, set off and allotted to the said John S. Clarkson.

"Sixth: The defendants being the owners of the land under *mesne* conveyances from John S. Clarkson, duly appeared within time and filed their answer, and after admitting the above facts, further pleaded that each and all the rights of Margaret S. Lientz were adjudicated and settled in said partition suit of John S. Clarkson; and further pleaded the Statute of Limitations of thirty-one years and the payment of taxes and possession during that period; and further pleaded that the said Margaret S. Lientz was well aware of the possession of the said John S. Clarkson and those claiming under him and never made any objection thereto, and, therefore, cannot now be heard to complain."

In addition to the foregoing facts, it appears that Margaret S. Lientz and her husband on March 18, 1880, and after the partition of the land, sold the 145 acres set off to her to Christian C. Kehr, reciting in her deed that the lands therein conveyed were the lands assigned in said partition suit to said Margaret S. Lientz. It was also admitted that defendants and their grantors have been in possession of the lands in controversy here since the partition of all the lands, claiming title in fee simple thereto.

In their answer respondents pleaded the thirty-one year Statute of Limitations and estoppel *in pais* and laches on the part of the plaintiff. These issues go out of the case by reason of the admissions of respondents in their brief as follows:

"For the purposes of this discussion, respondents admit (1) that a sale under execution against the husband alone will not divest the wife of her inchoate right of dower, (2) that a married woman is not barred of her dower rights by mere laches or by estoppel *in pais,* and (3) that as against a wife who has not been divested of her inchoate right of dower the Statute of of Limitations does not begin to run against her until the death of her husband."

With the underbrush thus cleared away, respondents tersely state the only issue in the case in this fashion:

"The question on this appeal is whether an execution purchaser who has acquired an undivided interest in land under a judgment against the husband alone may afterwards acquire a fee-simple title, by proceedings in partition to which the former tenant in common and his wife are both made parties."

Section 326, Revised Statutes 1919, is as follows:

"No act, deed or conveyance, executed or performed by the husband without the assent of the wife, evidenced by her acknowledgment thereof, in the manner required by law to pass the estate of married women, and no judgment or decree confessed by or recovered against him, and no laches, default, covin or crime of the husband, shall prejudice the right and interest of the wife provided in the foregoing sections of this article."

This section has been on our statute books for a great many years. Appellant has traced the section through the various revisions back to the time of the judgment against William A. Lientz, as follows: Revised Statutes 1909, section 358; Revised Statutes 1899, section 2946; Revised Statutes 1889, section 4525; Re-

vised Statutes 1879, section 2179; Wagner's 1870 Statutes, chapter 47, section 13. The "foregoing sections" referred to in said Section 326 are the various provisions of the statute relating to dower of the widow. This section of the statute absolutely precludes any notion that a sale of land owned by the husband under a judgment against him alone can in any wise affect the inchoate right of the wife to dower therein, and the consideration of court decisions so declaring the effect of the statute is unnecessary. We merely mention a few cases which support the rule: McClanahan v. Porter, 10 Mo. 746; Grady v. McCorkle, 57 Mo. 172; Davis v. Evans, 102 Mo. 164; Davis v. Green, 102 Mo. 170; Holt v. Hanley, 245 Mo. 352. The statute and the admission of respondents suffice to settle the point.

Nor could respondents well avoid the admission that appellant cannot be barred of her dower rights by mere laches or by estoppel *in pais*. Until her husband's death, she had no right of possession in lands owned by him during coverture. Appellant's husband died January 3, 1919. Nor could she be barred by any Statute of Limitation since she could not have instituted this suit until her husband died.

So we have for decision just one question. Is appellant barred of dower in the lands here involved by virtue of the fact that John S. Clarkson, the purchaser of the undivided one-half interest of William A. Lientz in said lands at the execution sale, filed a partition suit against plaintiff as the owner of the other undivided half interest, secured judgment in partition, had the lands set off in kind by commissioners, followed by appellant's acquiescence in such action and acceptance and subsequent sale of the lands set off to her?

This is not a case where Clarkson and appellant's husband were tenants in common, each owning an undivided half interest in the lands. In such case, it is well settled that each tenant in common is entitled to have the land partitioned, and that, when such partition

is had and the lands are divided and set off in kind, the inchoate right of .dower of the wife attaches only to the land set off to the co-tenant husband. Here, under the express terms of their deed, appellant and her husband were tenants in common, each with an undivided half interest therein. It is conceded that the judgment sale did not cut off appellant's inchoate right of dower any more than would a deed to the land by her husband in which she had not joined. The sole contention is that appellant's dower is now barred because she was a party defendant in the partition suit and acquiesced in the division of the lands and accepted her allotment therein and afterwards sold it as such allotment. But she was a necessary party to the partition suit. It was brought and maintained on the theory that appellant was the owner of an undivided half interest and Clarkson was the owner of the other half. On no theory could partition be had by judicial act without making appellant a party to the suit. No issue was made in that suit concerning her inchoate right of dower in the lands claimed by Clarkson. [See Grady v. McCorkle, *supra.*] The Grady Case has met with approval in subsequent cases. [Baker v. Railway Co., 122 Mo. 396, l. c. 413; Bartlett v. Tinsley, 175 Mo. 319, l. c. 335.] If appellant's dower is barred, it must be because she did not raise the issue herself and assert an inchoate right that might never become consummate. The purpose of that suit was partition of the lands. Her appearance in the suit and participation therein were entirely appropriate and quite necessary to protect her interest in the land as co-tenant with Clarkson. Since the question of her inchoate right of dower was not raised as an issue in the case and her rights as such were not determined, clearly the judgment in the case cannot now be urged as an adjudication of her right to dower consummate.

The case of Holley v. Glover, 36 S. C. 404, is the chief reliance of respondents, and is the only case said to be in point which research of diligent counsel has

found. We have carefully analyzed that case and are unable to see how it is in point. One Carey and Alfred Holley owned each an undivided half interest in lands as tenants in common. The inchoate right of dower in Alfred Holley's wife was held to be subject to the paramount right of partition enjoyed by tenants in common. It is generally held that, in the event of the exercise of such paramount right and partition in kind results, the inchoate right of dower of the wife of one of the tenants in common in an undivided half interest in all of the lands is thereby divested and immediately attaches to the interest in severalty set off to her husband. In case of sale in partition, such inchoate dower right in all the lands is divested and the wife must look to the share of the proceeds awarded to her husband as tenant in common. She was not a party to the partition suit, nor was any provision made for the protection of her dower rights. Her rights were not barred because of anything added to the rights of Wise Holley by reason of the partition suit, but because of the paramount nature of Carey's right to partition. The Holley Case clearly recognized the foregoing rules, and they are not questioned by counsel for either party in the case before us. Attending the facts in the Holley Case a little further, we find that Alfred Holley conveyed his undivided half interest in the lands to Wise Holley, without his wife joining in the deed. The Supreme Court of South Carolina held (as does this court on a like state of facts) that Wise Holley took an undivided half interest in the lands subject to the inchoate right of dower in Alfred Holley's wife. In our case, Clarkson, by virtue of his purchase at the execution sale, occupied the same status with reference to the undivided half interest of William A. Lientz that Wise Holley occupied under his deed from Alfred Holley, whose wife did not join therein. But in the Holley Case the partition suit was brought by the tenant in common whose interest was not subject to the inchoate right of dower of Alfred Holley's wife.

His right to partition was paramount, and his interest in the land in nowise subject to her dower rights. The lands were sold and not divided in kind and it was held that Alfred Holley's wife could not assert dower as against the *purchaser,* who was a person other than Wise Holley. As Mr. Chief Justice McIver, in disposing of the case, at page 419, said: ''Indeed, it would be anomalous to hold that the purchaser at a sale made under the exercise of a paramount right, should take his title subject to one claiming under the subordinate right.'' It was held, however, that Wise Holley took his title subject to the inchoate dower rights of Alfred Holley's wife, and that the dower rights of Mrs. Holley remained the same as if the title had remained in her husband, and that conveyance to Wise Holley had no effect on the question. As to her said dower rights, Wise Holley certainly had no paramount right to partition and the case inferentially so holds, although that question was not up for decision.

The Holley Case would indeed have announced strange doctrine and one inconsistent with natural right and justice had it held that the interest of Wise Holley in the lands, which was subject to the inchoate dower rights of Alfred Holley's wife, could, by the mere bringing of a partition suit by him, ripen *instanter* and by virtue thereof into a right to partition paramount to the right to which his interest in the lands had theretofore been subject. But this is the deduction respondents would have us draw from that case. No such rule was announced in the Holley Case, and no such deduction can reasonably be drawn from any language used in deciding that case. Disarmed of the Holley Case, respondents are defenseless.

The section of our statute which we have quoted (Sec. 326, R. S. 1919) provides that no act, deed or conveyance, executed or performed by the husband without the assent of the wife, evidenced by her acknowledgment, etc., and no judgment or decree confessed by

or recovered against the husband shall prejudice the dower right and interest of the wife. This statute means exactly what it says. To permit the wife's dower to be defeated in the manner respondents contend appellant's dower rights were defeated, would be to permit the husband to do indirectly that which he could not do directly. To give our sanction to respondents' contention would permit a husband, who is a tenant in common in lands, to convey his interest therein to another without his wife joining in the deed and permit such other thereupon to partition the lands and defeat the dower rights of the wife, and thus by circuity of action accomplish that which could not be done by the husband's own deed, to-wit, pass fee simple title to his interest in the lands, freed of her dower rights. As William A. Lientz could not have done the latter, neither can the same end be accomplished by the former method. In holding that appellant was not entitled to have her dower admeasured in the lands in controversy, the trial court was clearly in error.

It follows that the judgment should be reversed and the cause remanded with directions to the trial court to proceed in accordance with this opinion.

It is so ordered. All concur.