PAULINE J. MURAWSKI, APPELLANT, v. EDWARD R. MURAWSKI, RESPONDENT.—209 S. W. 2d 262.

Kansas City Court of Appeals. Opinion delivered March 1, 1948.

534

*Walter W. Calvin* and *Henry L. Jost, Jr.,* for appellant.

*Rufus Burrus* for respondent.

CAVE, P. J.—This is an action to partition certain real estate. Plaintiff (appellant) alleged that she and the defendant were the

owners, as tenants in common, of Lot 45, Westbrook Plaza, Kansas City, which was subject to a certain deed of trust therein described; that the real estate was not susceptible of partition in kind and prayed that the same be sold, the balance due on the deed of trust be paid, and the net proceeds be divided between plaintiff and defendant according to their respective interests. Defendant's answer admitted all the allegations in plaintiff's petition and joined in the prayer that the real estate be sold and the proceeds divided between the parties.

The court found that plaintiff and defendant were tenants in common; entered interlocutory decree of partition; ordered the lot sold, subject to the mortgage lien, and appointed a special commissioner to make said sale and to report the same to the court.

After this interlocutory decree was entered, plaintiff filed a motion to set the same aside for the reason that at the time the lot was purchased plaintiff and defendant were husband and wife and the title to the same was taken in their joint names, "thereby creating a tenancy by the entirety"; that on October 10, 1945, plaintiff was awarded a decree of divorce from the defendant because of his fault or misconduct, and alleges that since the divorce was granted her because of the fault or misconduct of her husband, she has inchoate right of dower in his undivided one-half interest in the real estate here involved; that the court had erred in failing and neglecting to ascertain and declare her dower interest in the husband's undivided one-half interest at the time of the interlocutory decree.

The court overruled that motion and she perfected her appeal to the Supreme Court. That court transferred the cause here for lack of jurisdiction. Murawski v. Murawski, 203 S. W. (2d) 714.

Plaintiff contends that the court erred in holding that she did not have inchoate right of dower in defendant's interest in the property, while defendant asserts that such ruling is correct. There are other questions urged and discussed, but they all revolve around the vital question whether the plaintiff, at any time, had dower interest in the property, the title to which was held by her and her husband as tenants by the entirety. There are no disputed facts.

It is conceded the effect of the divorce decree was to destroy the *tenancy by entirety* and to vest in each of the parties title to the property as tenants in common. Sec. 331, R. S. 1939; Murawski v. Murawski, supra; Joerger v. Joerger, 193 Mo. 133; Jones v. Jones, 325 Mo. 1037, 30 S. W. (2d) 49, l. c. 55, and cases there cited. The question is, did the wife, at any time, have an inchoate right of dower in the property?

By Sec. 318, dower attaches to certain property. The material part of that section reads: "Every widow shall be endowed of a third part of all the lands whereof her husband * * * was seized of an *estate of inheritance*, at any time during the marriage, to which she shall not have relinquished her right of dower, * * *". (Italics

ours). The term "estate of inheritance" has an accepted and settled meaning in law. It means an estate that will descend to a man's heirs by the simple operation of law, and it may be an absolute or fee-simple estate; it does not include an estate for the life of the husband, or other lesser estates. Casteel v. Potter, 176 Mo. 76.

An inchoate right of dower prior to the death of the husband is a contingent right, and in no sense vested, but a mere expectancy or possibility incident to the marriage relationship contingent on survival. First National Bank v. Kirby, 269 Mo. 285. While inchoate dower is contingent and uncertain, nevertheless, it possesses the elements of property and a wife may maintain an action for its protection. Kober v. Kober, 324 Mo. 379, 23 S. W. (2d) 149.

We are of the opinion that in an *estate by the entirety* the husband is not "seized of an estate of inheritance". In discussing the nature of an estate by entirety, it has been held that the husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession. They are neither properly joint-tenants, nor tenants in common, but both are seized of the entirety. While the right of survivorship gives the estate an apparent resemblance to joint-tenancy, it yet differs materially from joint-tenancy, for the survivor succeeds to the whole not by the right of survivorship simply, as is the case with joint-tenancy, but by virtue of the grant which vested the entire estate in each grantee, or, in contemplation of law, in one person with a dual body and consciousness. Being but one person in law, they take the estate as one person, each being the owner of the entire estate; neither of whom have any separate or joint interest but a unity or entirety of the whole; so if either dies the estate continues in the survivor, as it had existed before. The only change by death is in the person, not the estate. Ahmann v. Kemper, 342 Mo. 944, 948, 119 S. W. (2d) 256. To like effect is Stewart v. Shelton, 201 S. W. (2d) 395. While estates in entirety originated in the common law and were therefore in harmony with the ancient theory that the husband and wife were one, yet, such estates did not arise as a necessity from that theory, and our courts have held that our modern Married Woman's statutes do not abolish or alter the character of such estates. Frost v. Frost, 200 Mo. 474, 482.

Therefore, if the husband did not own an "estate of inheritance" in the property during the time plaintiff and defendant were husband and wife, then the wife never had any dower interest, inchoate or otherwise. When she divorced her husband for his fault, that judgment first destroyed the marital relationship and then destroyed the estate by the entirety. He was no longer her husband at the time he became seized of an undivided one-half interest as a tenant in common (an estate of inheritance); and she, not being his wife at the time he became seized of such undivided one-half interest, did not acquire any dower interest in the property.

538

To sustain her contention that she is entitled to dower, plaintiff quotes from Am. Jur., Vol. 17, Sec. 47, p. 700. The first sentence of that quotation demonstrates that it is not applicable to the facts in this case. The quotation is: ''The right of inchoate dower comes into being after marriage of the parties upon the concurrence therewith of seisin in the husband of property and *an estate subject to dower*.'' (Italics ours.) The estate which the husband had in this property, prior to the divorce, was not such an estate as was ''subject to dower.'' Plaintiff also cites Vantage Mining Co. v. Baker, 170 Mo. App. 457; Kober v. Kober, supra; In re Bernays' Estate, 344 Mo. 135, 126 S. W. (2d) 209; Lientz v. Schotte, 295 Mo. 333. A reading of those cases will disclose facts that make them wholly inapplicable to the question now under consideration. For example, in the Lientz case, at page 341, the court said: ''Under the express terms of their deed, appellant and her husband were tenants in common, each with an undivided half interest therein.'' Such is not the situation in the instant case. Plaintiff also cites cases to the effect that dower is favored by the law and the courts should exercise an astute and vigilant attitude in preserving the same. Donaldson v. Donaldson, 249 Mo. 228; Klocke v. Klocke, 276 Mo. 572. We have no quarrel with that general principle, but it does not justify the courts in creating a dower when none exists under the law. Cases are also cited to support the general proposition that when the wife secures a divorce from her husband for his fault or misconduct, she does not thereby lose her right to dower in any of his property to which *dower will attach*. That is a correct principle of law, but it has no application to the present case.

It is our conclusion that plaintiff did not have dower interest of any kind in defendant's one-half interest in the property, and that the court correctly ruled that question.

The judgment is affirmed. All concur.