239 S.W.2d 555 (1951)
BORDERS
v.
NIEMOELLER.
No. 28253.
St. Louis Court of Appeals. Missouri.
May 15, 1951.
Rehearing Denied June 13, 1951.
*556 Ninian M. Edwards and N. Murray Edwards, of St. Louis, for appellant.
Raymond I. Harris, Rex McKittrick, and Robert S. Goldenhersh, all of St. Louis, for respondent.
BENNICK, Judge.
This is an action by plaintiff, Augusta Borders, to recover her dower, with damages, in certain real estate situate in St. Louis County. The defendant is Adolph F. Niemoeller, the owner of the land at the time of the commencement of the action.
Tried to the court alone, the finding and judgment was for plaintiff, but for what she regarded as an inadequate recovery. Considering herself to be aggrieved by the judgment, she gave notice of appeal, not only from the judgment itself, but also from the order of the court correcting its findings of fact nunc pro tunc as respects the time from which she should recover damages for the deforcement of her dower. The appeal went to the Supreme Court upon the ground that the case was one involving title to real estate, but upon review of the matter the Supreme Court held that it was without jurisdiction and ordered that the cause be transferred here.
Plaintiff was married to Harry L. Borders on November 25, 1914. An estate of inheritance in the real estate in question, 3408 Lucas and Hunt Road, was thereafter acquired by Borders on May 16, 1923.
On October 8, 1924, plaintiff was awarded a decree of divorce from Borders. With the marriage having been dissolved because of the fault or misconduct of her husband, it followed that she did not thereby lose her right to dower in any of *557 his property to which dower would attach, including the property in question of which he had become seized during the marriage. Sec. 469.200, R.S.Mo.1949; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; Crenshaw v. Crenshaw, 276 Mo. 471, 208 S.W. 249; Murawski v. Murawski, 240 Mo.App. 533, 209 S.W.2d 262.
On June 2, 1925, Borders conveyed the property by warranty deed to one Bertha C. Hinze, who subsequently conveyed the property to Harry L. Reyburn and Grace K. Reyburn, his wife. By successive transfers the property was eventually acquired by defendant, Adolph F. Niemoeller, who, as we have pointed out, was the owner of it at the time the action was brought. Plaintiff did not join with Borders in the conveyance to the Reyburns, and as a consequence her dower interest was not in anywise prejudiced or affected Sec. 469.190, R.S.Mo.1949.
On October 2, 1925, shortly after the Reyburns had acquired the property and while they were still in possession of it, plaintiff prepared and caused to be filed of record a notice of her dower interest and served a copy of the same upon the Reyburns. Borders was alive at the time; and one of the questions in the case is whether plaintiff, in being awarded her dower with damages for its detention, was entitled to damages from the date of such notice, that is, from October 2, 1925, or only from the date of a demand which she made upon defendant after Borders' death.
So far as concerns any question of defendant's notice, not only did he have the constructive notice afforded by the recording of plaintiff's claim of dower interest, but he in fact admitted actual notice at the time of his acquisition of the property.
Borders died on January 23, 1948, whereupon plaintiff, on September 18, 1948, caused a written demand for assignment of dower to be served upon defendant, who refused to recognize her claim.
Upon the institution of this action for the recovery of plaintiff's dower, the parties stipulated that the land was not susceptible of division, which meant that dower was to be assessed upon the basis of its yearly value. Sec. 469.320, R.S.Mo. 1949.
The controversy involved the question of the amount of such yearly value and of the damages to be assessed, along with the further question, as we have already pointed out, of whether damages were to be allowed from October 2, 1925, the date of the recording of plaintiff's initial notice of her dower interest, or only from September 18, 1948, the date of her demand upon defendant for the assignment of dower after her former husband's death. Under the facts of the case there was no room for any controversy over her right to an assignment of dower.
The court found that plaintiff's cause of action for assignment of dower with damages for the wrongful deforcement thereof arose on September 18, 1948, the date of her demand upon defendant; that any damages to which she was entitled were computable from that date; and that the demand or notice served upon the Reyburns on October 2, 1925, during her former husband's lifetime, had been premature and a legal nullity. Finding the yearly value of her dower interest to be the sum of $45, the court ordered that plaintiff be paid such sum on September 18, 1950, and a like sum on the same day of each year thereafter during her natural life, and that she recover as damages to the date of judgment (October 17, 1949) the sum of $45.
In compliance with the request of plaintiff's counsel, the court had prepared and filed its findings of fact upon the principal controverted fact issues in the case. In the last paragraph of such findings it had inadvertently stated that plaintiff was entitled to damages from the time of demanding her dower in "October, 1925". However in its declarations of law which accompanied its findings, as well as in its judgment based upon its findings, it had made it clear, as we have already shown, that plaintiff was only to have damages from September 18, 1948.
While the motion for new trial was pending the court, of its own motion, corrected *558 its findings by striking out "October, 1925", and inserting "September 18, 1948". The court then overruled the motion for a new trial, whereupon plaintiff filed a motion asking the court to set aside the order correcting the particular finding. The court stood by its previous action, and plaintiff now reaffirms her contention that the court committed error in making the correction.
Specifically her point is that the court had no power to make the correction more than thirty days after it had entered its original finding. While it is true that more than thirty days had elapsed when the court made the order correcting its finding, the pendency of the motion for new trial had served to retain the matter in the breast of the court. Indeed the motion for new trial had itself referred to and preserved the question of treating October, 1925, as the date of demand; and so long as the motion was undisposed of, the court had the right to correct the particular finding so as to make the same consistent with the court's actual finding as otherwise expressed in its declarations of law and in its judgment.
The important question is whether the court was right in reaching its decision that plaintiff was only entitled to damages from September 18, 1948, the date of her demand upon defendant after her former husband's death, and not from October 2, 1925, the date of her notice to the Reyburns during her former husband's lifetime.
The statute provides that when any widow shall be entitled to dower in real estate, and she be deforced thereof or cannot have it without suit, she may sue for and recover the same, with damages. The statute then provides for two contingenciesthe one where the husband died seized of the real estate in which the widow claims her dower, and the other where he had alienated the property during his lifetime. In the former case the statute provides that she shall recover from the time of her husband's death, while in the latter case her recovery shall date from the time of demanding dower. Sec. 469.240, R.S.Mo.1949.
The case at bar of course falls squarely within the latter category.
The purpose and object of dower is to provide an assured means of support to the widow after the death of her husband; and to that end the right attaches as an incident of the marriage relation to any lands in which the husband was seized of an estate of inheritance at any time during the marriage. So long as the husband lives the right is inchoate in the sense that it confers upon the wife no right of immediate possession or control of the land to which it attaches, but instead is merely a legal estate in expectancy, contingent upon her husband's predeceasing her. Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149; Murawski v. Murawski, supra. Upon the husband's death the widow's dower ceases to be a contingency, and then becomes consummate or absolute, and subject to assignment in the appropriate manner. In re Bernays' Estate, 344 Mo. 135, 126 S.W. 2d 209, 122 A.L.R. 169.
In fact, so highly is dower favored that the law authorizes the assessment of damages for its detention. But obviously before dower can be detained, the right to it must have become consummate, which could never occur before the husband's death. This is not to say that the wife may not have the right to protect her inchoate dower interest during the lifetime of her husband, but only that the death of her husband is a fundamental prerequisite to her right to have her dower assigned and to maintain an action for its deforcement. Consequently there is no dower to demand prior to the husband's death; and any demand made during the husband's lifetime would be a nullity so far as denoting the time from which damages for detention of dower could be computed. The court therefore ruled properly in holding that plaintiff's damages could only be awarded from September 18, 1948, and not from October 2, 1925, while her former husband was still alive.
In urging her contention plaintiff undertakes to place her chief reliance on Rannels v. Washington University, 96 Mo. 226, 9 S.W. 569. It should be noted, however, that the demand in the Rannels case was *559 not made until fifteen months after the husband's death, so that there was no question involved as to the effect of a demand made during the husband's lifetime. On the contrary, the question in that case was whether a demand was of avail when it had been made, not against the defendant to the action, but against his grantor.
The final question in the case is whether the allowance of $45 a year as the value of plaintiff's dower interest and also as the measure of her damages for detention of dower was in each instance inadequate.
In arriving at its result the court first determined the present value of the property as enhanced by the improvements, all of which had been put on the land after its alienation by plaintiff's former husband, and were therefore to be excluded from consideration in fixing the value of plaintiff's dower interest; determined the actual net income on the whole property; deducted therefrom the proportion that the value of the improvements bore to the value of the entire property so as to show the proportion of income attributable to the land itself; and then fixed plaintiff's dower at one-third of the remainder. Her damages for the period for which dower was withheld were computed upon the same basis.
The court found that the value of the improvements was $6,500, and that of the land itself $1,200. There was evidence that the rental value of the premises was about $75 a month, or $900 a year. Using such figures as a basis, the court computed the yearly value of plaintiff's interest to be $45, and then employed that sum in assessing both her dower and her damages.
The formula the court applied is amply supported by the authorities. Rannels v. Washington University, supra; Griffin v. Regan, 79 Mo. 73; Bartlett v. Ball, 92 Mo.App. 57.
As we have already pointed out, the value of the improvements put upon the land was correctly excluded from the computation. However plaintiff was properly allowed the benefit of such increase in value as was due to economic conditions and extrinsic circumstances generally. Nor is it of any consequence that defendant, in his answer, did not affirmatively claim any deduction for the value of the improvements put upon the land after its alienation by plaintiff's former husband. All such evidence went in without objection upon the theory that it was relevant and material to the question of plaintiff's actual dower interest. The court's findings were supported by both the law and the evidence, and we can see no ground for appellate interference.
It follows that the judgment rendered by the circuit court should be affirmed; and it is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.