**In re Jerry GALLIVAN and Jeannette Gallivan, Debtors.**

No. 03–60525.

United States Bankruptcy Court, W.D. Missouri.

July 23, 2004.

David E. Schroeder, David Schroeder Law Offices, PC, Springfield, MO, for Debtors.

Jerry L. Phillips, Office of the U.S. Trustee, Kansas City, MO, for Interested Party.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtors Jerry and Jeannette Gallivan filed an objection to the proof of claim filed by the United States of America/Internal Revenue Service (the IRS). After the parties reached agreement as to the value of the IRS' collateral and the amount of its claim, the IRS asked this Court to overrule the objection. The Gallivans responded that an issue remained as to how to value Mr. Gallivan's interest in the Gallivans' property, which they hold as tenants by the entirety (TBE). This is purely a legal issue, which can be decided on the pleadings. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of

Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below I will overrule the Gallivans' objection to the IRS's proof of claim.

### FACTUAL BACKGROUND

On March 7, 2003, Jerry and Jeannette Gallivan filed a Chapter 11 bankruptcy petition. Prior to that time, Jerry Gallivan owned and operated a sole proprietorship known as Gallivan Trucking. The IRS had filed prepetition notices of tax liens for unpaid FICA and FUTA taxes, penalties, and interest as to Gallivan Trucking. Ms. Gallivan is not obligated to the IRS for any of the tax debt associated with Gallivan Trucking.

On July 17, 2003, the IRS filed a proof of claim, which it amended on October 16, 2003, and on April 9, 2004. The second amended proof of claim is for the amount of $1,098,403.00, including a secured component of $897,976, an unsecured priority component of $146,979.00 (with reference to unassessed liability for FUTA for December 31, 2003, in an unknown amount), and an unsecured component of $53,448.00. The debtors no longer dispute the total amount of this second amended claim. They do, however, argue that the value of Mr. Gallivan's interest in the TBE property—and, therefore, the amount to be treated as secured—should be calculated based on life expectancy. The IRS contends that 50 percent of the value should be attributed to each spouse. This is the sole legal issue to be decided by this Court.

### DISCUSSION

Section 6321 of the Internal Revenue Code (the IRC) provides that unpaid taxes become a lien on any real or personal property of the taxpayer:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.[1]

Moreover, the tax lien arises at the time of assessment:

> Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.[2]

When a taxpayer files for Chapter 11 bankruptcy relief, any proposed Plan of Reorganization must provide for the payment of said tax liens to be confirmable:

(A) With respect to a class of secured claims, the plan provides-

. . . . .

(i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims.[3]

Since only Mr. Gallivan is liable for the unpaid taxes, the tax liens can only attach to his interest in the real and personal property held as TBE.

■■■ "Tenancy by the entirety is a form of ownership in property created by

---

1. 26 U.S.C. § 6321.

2. 26 U.S.C. § 6322.

3. 11 U.S.C. § 1129(b)(2)(A)(i)(I).

marriage in which each spouse owns the entire property rather than a share or divisible part, and thus at the death of one spouse, the surviving spouse continues to hold title to the property."[4] In other words, the husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession, and both are seized of the entirety.[5] This form of title derives from ancient common law, and serves the purpose of making it difficult, if not impossible, for a creditor of one spouse to reach that spouse's interest in property held by both spouses as tenants by the entirety.[6] Tenancy by the entirety is distinguishable from joint tenancy by one singular characteristic. The tenancy cannot be destroyed involuntarily by an individual creditor.[7] And one spouse cannot destroy the entirety without the express consent of the other spouse.[8] The exception to this common law doctrine is section 6321 of the IRC, which gives the IRS the authority to attach otherwise exempt property.[9] As the United States Supreme Court stated in *United States v. Craft*,[10] a spouse's rights in entireties property falls within the broad statutory language of section 6321 of the IRC and the IRS's lien attaches to those rights.[11] It is not clear from the opinion, however, if the attachment of the lien severs the entirety. The IRS, therefore, addressed that issue in Notice 2003–60, which followed *Craft*. In the Notice the IRS stated its position as follows:

> As is the case with joint tenancy with the right of survivorship, if a taxpayer's interest in entireties property is extinguished by operation of law at the death of the taxpayer, then there is no longer an interest of the taxpayer to which the federal tax lien attached. When a taxpayer dies, the surviving non-liable spouse takes the property unencumbered by the federal tax lien.
>
> When a non-liable spouse predeceases the taxpayer, the property ceases to be held in a tenancy by the entirety, the taxpayer takes the entire property in fee simple, and the federal tax lien attaches to the entire property.[12]

This policy is not entirely applicable in the bankruptcy context, however, since the extent of the IRS's lien must be determined prior to confirmation of a plan. If the proposed Plan of Reorganization is confirmed, and the Gallivans comply with its provisions, the IRS's lien would be limited to the extent determined during the confirmation process, even if Ms. Gallivan were to later predecease Mr. Gallivan.

■ The IRS stated in Notice 2003–60 that it would attempt to execute on the liable spouse's interest in entireties property on a case-by-case basis, recognizing that such an execution would be prejudicial

---

4. *Rinehart v. Anderson*, 985 S.W.2d 363, 367 (Mo.Ct.App.1998).

5. *Murawski v. Murawski*, 240 Mo.App. 533, 209 S.W.2d 262, 264 (1948).

6. *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854, 858 (1984).

7. *Id.* at 858.

8. *Sutorius v. Mayor*, 350 Mo. 1235, 170 S.W.2d 387, 392 (1943).

9. *United States v. Craft*, 535 U.S. 274, 281, 283, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002) *quoting United States v. Nat'l Bank of Com-*

*merce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (holding that the statutory language authorizing the tax lien is "broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have").

10. 535 U.S. 274, 281, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002).

11. *Id.*, 535 U.S. at 283, 122 S.Ct. 1414.

12. I.R.S. Notice 2003–60, 2003–39 I.R.B. 643, 2003 WL 22100950 (Sept. 11, 2003).

to the nonliable spouse.[13] Thus, the IRS appears to interpret *Craft* to say that it may, if it chooses to do so, sever the entireties property by executing on its lien. That may be correct, but in this case no such action was taken prior to the filing of this Chapter 11 case by both Mr. Gallivan, the liable spouse, and Ms. Gallivan, the non-liable spouse. The filing of the case prevents the IRS from executing on its lien, which brings us back to the issue of the valuation of such lien.

The IRS operates under the presumption that each spouse's interest in entireties property should be valued at 50 percent of the total value of the property.[14] The Gallivans argue, however, that the Court should look to each spouse's life expectancy in valuing the interest. In *Popky v. United States of America*,[15] the court rejected that argument in a case concerning the division of sales proceeds of TBE property, where the interest of one spouse was subject to a tax lien. The court stated that "equal division of assets between spouses seems equitable and parallels the distribution of entireties property when an entireties estate is severed because of a sale with consent of both tenants, divorce or other reasons."[16] Likewise, in the bankruptcy context, the Eighth Circuit Court of Appeals ordered a bankruptcy trustee to return to a non-debtor spouse *half* the proceeds he received from the sale of common stock held as tenants by the entirety.[17] I, therefore, find that each tenant's interest in property held as TBE is equal. This also comports with the common law definition of entireties property. If a husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession,[18] then each spouse must hold an equal interest. Thus, Mr. Gallivan's interest in both the real and personal property he holds with Ms. Gallivan as TBE is 50 percent of the value of said property. Accordingly, the objection of the debtors to the second amended proof of claim filed by the IRS must be overruled.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

13. *Id.*

14. *Id.*

15. 326 F.Supp.2d 594, 2004 WL 1469281 (E.D.Pa. June 15, 2004).

16. *Id.* at 602, 2004 WL 1469281 at *6.

17. *Garner v. Strauss (In re Garner)*, 952 F.2d 232, 236 (8th Cir.1991) (emphasis added).

18. *Murawski v. Murawski*, 240 Mo.App. 533, 209 S.W.2d 262, 264 (1948).