## Walker's Estate.

Submitted October 1, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

14

*Frank A. Orban, Jr., E. Russell Shockley,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Leland W. Walker,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, October 28, 1940:

The Commonwealth appeals from the action of the court below refusing its claim for transfer inheritance tax on the half interest in real estate of which Stewart J. Walker died seized. The question at issue is, whether he was a tenant by the entireties, as the court decided, or a tenant in common; if the former, no tax is due, if the latter, his estate is liable.

By deed dated October, 1933, Walker, as sole grantor, for a consideration of $8,000, conveyed to his wife, Marian E. Walker, the undivided one-half interest in the land in question. The fact that the parties were husband and wife was recited and it was set forth that the purpose of the conveyance "is to create an estate by entireties to the real estate hereinbefore described." The court in its opinion says that "to carry into effect the expressed intention of the parties, we shall conclude that an estate by the entireties was created." It is difficult to see how this can be. The grantor conveyed only a half interest. He did not divest himself of the other half; that half remained in him until he died. He did

not impress that half with any other title than that by which he had always held it.

The attributes of a tenancy by the entireties were re-marked upon by us quite recently in *Madden v. Gosz-tonyi Savings & Trust Co.,* 331 Pa. 476, 480, 200 A. 624: "The nature of estates by the entireties is generally well understood. They are simply a form of co-ownership, a particular type of 'joint estate,' held by husband and wife. . . . Joint tenants at common law hold the en-tire estate by the half and by the whole, *per my et per tout.* . . . Joint tenancies have four unities: interest, title, time and possession. . . . Tenancies by the en-tireties . . . resemble joint tenancies. All four of the unities are present. But as Blackstone says (page 182): '. . . if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common: for husband and wife being considered as one person in law, they cannot take the estate by moic-ties, but both are seized of the entirety, *per tout, et non per my:* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.' To the four unities of a joint tenancy therefore is added the unity of the husband and wife as a person in the law." See also *Blease v. Anderson,* 241 Pa. 198, 88 A. 365; *C. I. T. Corp. v. Flint,* 333 Pa. 350, 5 A. (2d) 126.

In this instance, unity of title and unity of time were not present. As to unity of title, Blackstone says, 2 Commentaries 181: "Their estate must be created by one and the same act, whether legal or illegal; as by one and the same grant or by one and the same disseisin." The interest of the husband was created by one deed and the interest in the wife by another seventeen years later. From the latter circumstance there was no unity of time. The Commentaries say: "Their estates must be vested at one and the same period, as well as by one

16

and the same title." Such tenants do not have a seizin, one of one part and the other of another, each has the undivided part of the whole and not a whole of the undivided part. Here the wife received all of an undivided part and not any interest in the whole. A part passed to the grantee and a part remained in the grantor. Certainly the wife had no interest in the share of the husband and he in the deed to her reserved no interest in her half to himself. The case differs from *In re Estate of Mary Vandergrift,* 105 Pa. Superior Ct. 293, 161 A. 898, in which the husband and wife executed a joint deed to themselves as grantees.

In *Pegg v. Pegg,* 165 Mich. 228, 130 N. W. 617 (1911), the facts are identical with those before us. The husband conveyed as sole grantor an undivided one-half interest to his wife and there was a clause inserted, setting forth that the object and purpose of the deed was to convey to her such an interest that the parties will have an estate in entirety and that the same "shall survive and vest in the survivor as a full and complete estate." The Supreme Court of Michigan held that the deed could not be construed as creating a tenancy by entirety "because the law was not followed in creating it."

What was created by the deed was a tenancy in common and not a tenancy by the entireties, it follows that the one-half interest of Stewart J. Walker passed to his heirs at law upon his death and is subject to the tax.

The Uniform Interparty Agreement Act of May 13, 1927, P. L. 984, 69 PS Sec. 541 et seq., has no application here.

The decree of the court below is reversed, costs to be paid out of the estate.