Strafford,
Apr. 2, 1946. } No. 3575.

EDOUARD THERRIEN *v.* ALCIDE N. THERRIEN, *Adm'r, & a.*

*Cooper, Hall & Grimes (Mr. Burt R. Cooper* orally), for the plaintiff.

*Guy Smart,* guardian *ad litem* for minor heirs, furnished no brief.

KENISON, J. In the absence of a contrary public policy or prohibitory legislation express or implied, it is the rule in this State that the expressed intention of the grantor will override, whenever possible,

purely formalistic objections to real estate conveyancing based on shadowy, subtle and arbitrary distinctions and niceties of the feudal common law. Adequate support for this constructional rule from respected sources is not lacking. "It has been many years since the technicalities of real estate conveyancing have been much regarded here. Given an instrument signed and under seal, all the rest is determined according to the manifest intent of the parties. The interest created is that which the parties intended to create, without regard to rules or titles coming down from feudal times. *Cole* v. *Company*, 54 N. H. 242; *Kendall* v. *Green*, 67 N. H. 557; *Weed* v. *Woods*, 71 N. H. 581." *Peaslee*, C. J., in *Newmarket &c. Co.* v. *Nottingham*, 86 N. H. 321, 324. "It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past." Holmes, Collected Legal Papers (1920) 187. "Even in the case of real estate, where the common-law presumption as to joint tenancy has been abolished by statute . . . [R. L., c. 259, s. 17], the language used . . . will be interpreted in the light of the circumstances surrounding the transaction." *Dover &c. Bank* v. *Tobin*, 86 N. H. 209, 210.

The words "joint tenancy with full rights of ownership vesting in the survivor" and "joint tenant" clearly express an intention to create a joint tenancy in the plaintiff and his wife and are so construed. If this conveyance had been to two or more persons, section 17 of chapter 259 of the Revised Laws would have compelled the same result, for "the purpose of the statute is not to forbid or prevent the creation of estates in joint tenancy but to make certain that effect is given to the intention of the grantor." *Roaf* v. *Champlin*, 79 N. H. 219, 221.

There remains the more difficult question of the validity of this deed to create a joint tenancy in the plaintiff and his wife. At common law such a deed lacks the fourfold unities of interest, title, time and possession and is ineffective to create a joint tenancy. 2 Bl. Comm. 179-182. This rule persists today in several jurisdictions, although no attempt is made to justify either its present or past existence. 4 Thompson, Real Property (Perm. *ed.*) *s.* 1776; 2 Tiffany, Real Property (3rd *ed.*) *ss.* 418, 421. As a result of this doctrine, there has been a practice of accomplishing the same result by the owner of the property conveying to a third party (frequently the stenographer or scrivener writing the deed) who immediately reconveys to the

husband and wife as joint tenants. See *O'Grady* v. *Deery, ante,* 5. This circuitous device, incomprehensible to laymen and in the twentieth century difficult of justification by the legal profession, has been frequently criticized and rarely praised. The necessity of requiring an extra deed makes a fetish out of form and compels the parties to the instrument to employ an indirect manoeuver of the eighteenth century merely to satisfy the outmoded unities rule. By judicial decision or statute a contrary result has been obtained in some jurisdictions. *Matter of Horler,* 168 N. Y. S. 221; *Boehringer* v. *Schmid,* 254 N. Y. 355; *Matter of Farrand,* 214 N. Y. S. 793; 52 Harv. Law Rev. 993, 994.

The prevailing trend of the recent decisions allows the owner of property to convey to himself or herself and the other spouse by one deed to create a joint tenancy or a tenancy by the entirety. *Ames* v. *Chandler,* 265 Mass. 428; *Edmonds* v. *Commissioner,* 90 Fed. (2d) 14; *Edge* v. *Barrow,* 316 Mass. 104; *Cadgene* v. *Cadgene,* 124 N. J. L. 566. The authorities are adequately discussed in 62 A. L. R. 514; 137 A. L. R. 348.

Neither public policy, statutes or reason prevent the parties from doing directly that which they may accomplish through a straw man indirectly. The legal effect should be no different in the case where the grantor becomes a joint grantee than in the instant case where there is a retention of a part of the title in the grantor. If a conveyance to two completely divests the grantor's title, a similar grant to one retaining a like interest in the grantor must, in like manner, divest the grantor of the part granted. See *Burns* v. *Nolette,* 83 N. H. 489, 494. No valid reason appears for denying the right of an owner of the complete title to create a joint interest with rights of survivorship by a conveyance of a portion of the title. *Supra,* 495.

Laws, 1899, chapter 16 (R. L., *c.* 340, *s.* 5) provides that "real estate may be conveyed directly by husband to wife, or wife to husband, in all cases where the same thing might lawfully be done through the intervention of a third person." It is doubtful, however, if this statute was intended to include conveyances in joint tenancy, since at the time of its enactment a married woman's right to make any conveyance directly to her husband had not been judicially determined. *Adams* v. *Adams,* 80 N. H. 80.

It is our conclusion that the deed in the instant case created a valid joint tenancy with rights of survivorship in the plaintiff and his wife.

*Judgment for the plaintiff.*

All concurred.