## Walker v. Colvin et al.

Before McCann, P. J., McKenrick and Griffith, JJ.

*Harold Kaminsky*, for plaintiff.

*Harkins & Wharton* and *Harry E. Simmons*, for defendants.

GRIFFITH, J., March 16, 1953.—This is an action to quiet title to real estate. Defendants filed a motion for judgment on the pleadings.

The question before the court is whether plaintiff, Arthur J. Walker, is the sole owner of the premises described in the complaint as the surviving tenant by the entireties of his deceased wife, Mattie J. Walker, or whether he owns only an undivided two-thirds interest in the same, having been a tenant in common of the undivided one-half interest, and having acquired one-third of his wife's undivided one-half interest from her under the intestate laws.

Arthur J. Walker and his wife took title in 1909 as tenants by the entireties. In 1916, by a recorded deed, the wife, without the joinder of her husband and for the consideration of $1, conveyed to her husband, Arthur J. Walker, "all that undivided one-half

interest in and to" the premises. In the recital clause the deed contained the following sentence: "The object of this deed is for Mrs. Mattie J. Walker to convey her undivided interest in the above described lot to Arthur J. Walker, her husband."

In 1939, by recorded deed, Arthur J. Walker, without the joinder of his wife, and for the nominal consideration of $1, conveyed to her "all that undivided one-half interest in and to" the same premises. The recital clause in this deed contained the following sentence: "The object of this deed is for Arthur J. Walker to convey half the undivided interest in the above described lot to Mattie J. Walker, his wife (a joint deed)."

Mattie J. Walker died on March 6, 1952, leaving to survive her her husband, Arthur J. Walker, plaintiff, two children and four grandchildren, who were the children of a deceased child, and who are defendants in this proceeding.

The question of law before the court is whether or not one tenant by the entireties may convey his interest to the other without the joinder of the spouse.

We shall first consider the deed made in 1916 by the wife to her husband, without his joinder.

It is well settled that one spouse cannot destroy the incidents of a tenancy by the entireties without the assent of the other: Beihl v. Martin, 236 Pa. 519; Berhalter v. Berhalter et al., 315 Pa. 225; Walker's Estate, 340 Pa. 13; Runco et vir v. Ostroski et al., 361 Pa. 593. However, in all of these cases except the latter, one of the tenants by the entireties attempted to destroy the estate without the consent of the other. We do not believe that this is the situation now before us. Here the conveyance was from one spouse to the other.

"An estate by the entirety may only be destroyed or terminated by the *joint* acts of husband and wife, and

not by the act of one of them": 41 C. J. S. 607; Gallagher Estate, 352 Pa. 476, 478.

The question to be determined is whether the conveyance of 1916 by the wife to her husband, without his joinder, was their joint act or the act of the wife alone.

Some of the earlier Pennsylvania cases held that such conveyances by one spouse to the other, without the joinder of the spouse to whom the deed was made, were invalid. For example, in Hetzel v. Lincoln, 216 Pa. 60 (1906), the court found that a conveyance which a husband had made to his wife of an undivided half interest in the land was invalid. More recently two cases in the lower courts arrived at the same conclusion. In Comito's Estate, 13 D. & C. 302 (1929), the court declared the invalidity of a deed by a husband to his wife of his undivided one-half interest in the land held by them as tenants by the entireties. Likewise in Nogi v. Cawley, 48 York 122 (1933), the court found that a conveyance by a wife directly to her husband of all right, title and interest in the land which they held by the entireties was invalid.

In 1949, however, the Supreme Court, in Runco et vir v. Ostroski et al., 361 Pa. 593, although agreeing that one spouse could not destroy the incidents of a tenancy without the assent of the other, held that where the husband without the joinder of his wife conveyed to her his interest in the property that the payment of consideration, delivery and recording of the deed constituted such joint action and mutual assent as were required to destroy the estate by the entireties, and that the formal joinder of the wife in conveying to herself would be totally unnecessary. Although not specifically overruling the decisions in the earlier cases, the Supreme Court in the Runco case said, page 595:

"Our cases show that the rigidity of the common law concept of tenancy by the entireties has yielded to the demands of modern life."

There can be no doubt that Arthur J. Walker, plaintiff, accepted the deed made by his wife to him in 1916.

"The signing, sealing, acknowledging and recording of a deed constitute prima facie evidence of its delivery. . . .": Chambley et al. v. Rumbaugh et al., 333 Pa. 319-20.

"The execution, acknowledgment, and delivery of a deed to the grantee raise the presumption of an acceptance of the instrument by him": 26 C. J. S. 597, §186.

"So, the acceptance by a grantee of a deed which has been executed for his benefit may be presumed": 26 C. J. S. 597.

In Stewart v. Cummings, Admr., 109 Pa. Superior Ct. 57, 62, the court said:

" 'Also, where a deed has been recorded, and the grantee has conveyed land as owner under the deed, with the concurrence of the grantor, this amounts to a delivery, *though the deed was made without the knowledge of the grantee and was never actually delivered to him'.*" (Italics supplied.)

In the case now before us the acceptance of his wife's deed in 1916 by Arthur J. Walker, plaintiff, and his assent to the same, is manifest because in 1939 he conveyed the same premises to his wife and said in his deed "the object of this deed is for Arthur J. Walker to convey half the undivided interest in the above described lot to Mattie J. Walker, his wife (a joint deed)."

Certainly then there can be no doubt but that plaintiff was aware of his wife's conveyance to him in 1916 and assented to it. We believe that this brings the situation before us squarely within the rule announced by the Supreme Court in the Runco case.

It may be objected, however, that in the Runco case the husband conveyed "all his interest" and in the present case Mrs. Walker conveyed "all that undivided one-half interest". It is true that her interest was "per tout et non per my": Madden v. Gosztonyi Savings and Trust Co., 331 Pa. 476, and that since the wife did not own a one-half share but only an interest in the whole she could not convey a one-half interest: Zipperlein Estate, 367 Pa. 622. However, Mrs. Walker's deed in 1916 contained the following:

"The object of this deed is for Mrs. Mattie J. Walker to convey her undivided interest in the above described lot to Arthur J. Walker, her husband."

Obviously her intent was to convey all the interest which she owned, and the intention of the parties is ". . . the ultimate guide by which all deeds must be interpreted": Maxwell et al. v. Saylor, 359 Pa. 94, 96.

"One of the most important rules in the construction of deeds, is so to construe them, that no part shall be rejected": Wager v. Wager, 1 S. & R. 374-375.

In Jamison v. Jamison, 3 Wharton 456, a mortgage was given on land owned by a wife alone but the husband alone was named as grantor of the land described in the mortgage and the granting clause stated that the husband alone "hath granted, etc." The names of both husband and wife appeared in the proviso that if payment of the mortgage debt be made it should become void and both signed the deed. It was contended that since the wife owned the land and was not joined in the granting clause or named as a grantor that the mortgage was void. The mortgage was held to be valid. The court said, page 469:

"It would seem to be apparent on the face of this instrument, that her interest as well as his, was intended to be conveyed. . . . The leading rule of construction of deeds is, in all cases, that the construction be favorable, and as near to the minds and apparent

intent of the parties as possibly it may be, and the law will permit. Shep Touch. 83; Co. Litt. 313; Plow. 154, 160. . . . Another rule is, that the construction be such as that the whole deed, and every part of it, may take effect, and as much effect as may be to that purpose for which it is made. Ib. 84."

See 84 A. L. R. 1062:

"Where it was sought to create one type of estate in the granting clause of a deed, but a different type of estate . . . in the habendum clause, it has been held that the two clauses should be reconciled and construed together in order to ascertain the estate conveyed by the deed": 16 Am. Jur. 570.

"Relatively to the granting clause, recitals in a deed stand in much the same position as the habendum. . . .": 16 Am. Jur. 575.

So in the present case it is apparent that Mrs. Walker's deed stated clearly her intention to convey all the interest she had in the land described. The fact that in the granting clause she stated that it was an undivided one-half interest is not controlling. She knew that she and her husband each held an equal interest in the property. She inaccurately described it in the granting clause as an undivided one-half interest, but if we are to construe the apparent inconsistency "as near to the minds and apparent intent of the parties as possibly it may be" (Jamison v. Jamison, 3 Wharton 456), we must find that her whole interest was intended to be conveyed.

This accords with the general rule in other jurisdictions.

"With reference to the enlargement of a specific interest mentioned in a deed by a succeeding general description of the interest conveyed, it has been held in a number of cases that the specific interest of the grantor in lands specifically or impliedly granted

is enlarged so as to cover the grantor's entire interest in the property, where the deed contains a further clause indicating that to have been the grantor's intention": 16 Am. Jur. 578.

We therefore find that the deed of Mattie J. Walker to her husband in 1916 was a valid instrument, and that by virtue of such deed he became the sole owner of the premises in question.

In 1939 Arthur J. Walker, without the joinder of his wife, made a conveyance to her of "all that undivided one-half interest in and to" the same premises. The deed contained the following recital:

"The object of this deed is for Arthur J. Walker to convey half the undivided interest in the above described lot to Mattie J. Walker, his wife (a joint deed)."

The Uniform Interparty Agreement Act of May 13, 1927, P. L. 984, 69 PS §541, by virtue of its various amendments, the most recent being the Act of August 17, 1951, P. L. 1275, would now permit an estate by the entireties to be created by a deed similar to that in Walker's Estate, 340 Pa. 13, where the intention of the grantor to create such an estate was clearly expressed, although at the time of the decision in that case (1940) the estate could not be so created because the unities of time and title were not present. However, in the present case, the grantor's intention to create an estate by the entirties in the 1939 deed does not appear. He conveyed his "undivided one-half interest" and stated that his "object" was to make "a joint deed". A "joint deed" creates a joint tenancy and not a tenancy by the entireties. Even though a conveyance be made by a third party to husband and wife, it does not create a tenancy by the entireties if the intention of creating some other estate appears: Blease v. Anderson, 241 Pa. 198; Rinios v. Tritsch, 363 Pa. 127.

Survivorship is not an attribute of joint tenancy unless the intent to create it is clearly expressed.

"While the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, sec. 1, 20 PS §121, merely limits the legal presumption of survivorship theretofore attending a joint estate and . . . 'the freedom of the parties to provide by agreement or otherwise that the right of succession, which existed previous to the act, should apply' remains unrestricted '. . . the question (of survivorship as an incident of a joint estate) is now one of intent, and . . . (it is) necessary . . . that the intent be expressed with sufficient clearness to overcome the presumption arising from the statute' ": Isherwood, Exr., v. Springs-First National Bank, 365 Pa. 225, 229.

It may well be doubted whether the attempt by the amendments to the Uniform Interparty Agreement Act to make their provisions retroactively applicable to conveyances executed after the Act of June 3, 1911, P. L. 631, is in conformity with the constitutional provisions concerning contractual rights. However, under the view we have taken, the determination of this question is not necessary to the decision. Consequently Mattie J. Walker acquired an undivided one-half interest without right of survivorship in the land in question by virtue of the deed from her husband in 1939.

At the time of the death of Mattie J. Walker on March 6, 1952, her husband, plaintiff, was the owner of an undivided one-half interest in the premises in dispute, and she was the owner of the other undivided one-half interest. Under the intestate laws of the Commonwealth of Pennsylvania, one third of her undivided one-half interest became vested in her husband, Arthur J. Walker, which, together with the undivided one-half interest which he already owned, gave him an undivided two-thirds interest in the land which is the subject of this proceeding.

Defendants' motion for judgment on the pleadings must therefore prevail, and we enter the following

### Decree

And now, March 16, 1953, at 1:50 p.m., after argument, and after due consideration, it is hereby ordered and decreed that defendants' motion for judgment on the pleadings be sustained and that the Prothonotary of Cambria County be directed to enter judgment in favor of defendants and against plaintiff.