Frank J. KLUCK, Albert Kluck, Mary Brown, John Kluck, Peter Kluck, Irene Mills, Lee Kluck, Martin Kluck, Jr., Clara Blinzler, Eugene Kluck and Rosemary Lang, (Plaintiffs) Appellants,

v.

Helene METSGER, A. Francis Metsger, Jr., and Margaret K. Metsger, (Defendants) Respondents.

No. 48486.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

————◆————

Oral H. McCubbin, Robert Stemmons, Mt. Vernon, for appellants.

Edward V. Sweeney, John D. Rahoy, Monett, for respondents.

HYDE, Judge.

Action to try and determine title to real estate to which plaintiffs claimed title. Defendants by their answer claimed title and asked a judgment declaring them owners in fee simple. The court adjudged title in defendants and plaintiffs have appealed.

The case was submitted on the deed involved, set out in the pleadings, and the following agreed facts:

"Martin Kluck, Sr., died intestate in Lawrence County, Missouri, on October 18, 1952; Josephine C. Kluck was his widow. That Plaintiffs, Frank J. Kluck, Albert Kluck, Mary Brown, John Kluck, Peter Kluck, Irene Mills, Lee Kluck, Martin Kluck, Jr., and Clara Blinzler, were children of Martin Kluck, Sr. and Eugene Kluck and Rosemary Lang are children of Edward Kluck, a deceased son of Martin Kluck, Sr., all children being born by a former marriage.

"Martin Kluck, Sr., married Josephine C. Kluck in the year of 1940 and under date of August 2, 1943, Martin Kluck, Sr., made and executed a warranty deed, which is duly filed of record under date of August 13, 1943, in Book 195, at page 336, of the Deed Records in the Recorder's Office of Lawrence County, Missouri, a copy of which deed is attached hereto, and said deed attempts to convey to the grantee, Josephine C. Kluck, the following described real estate, situated in Lawrence County, Missouri, to-wit:

"The West Half (W½) of the Southwest Quarter (SW¼) of Section 24, Township 26, Range 29, containing 80 acres, more or less.

And said deed contained the clause as follows:

"The said party of the first part reserving unto himself a co-tenancy by the entirety with said party of the second part in and to said premises; the intention of this deed being to vest fee simple title to said premises in Martin Kluck, Sr. and Josephine C. Kluck, husband and wife, by the entirety with right of survivorship.

"After the death of Martin Kluck, Sr., Josephine C. Kluck by a certain quit-claim deed, deeded said lands to her son, A. F. Metsger, on the 29th day of May, 1957; said deed being recorded in the Quit-Claim Deed Records of Lawrence County, Missouri, in Book 228, at page 528, and the said Josephine C. Kluck died on the 7th day of April, 1958, and her son, A. Francis Metsger, died on the 19th day of April, 1958, leaving as his sole and only heirs at law the defendants, Helene Metsger, widow, A. Francis Metsger, Jr., son and Margaret K. Metsger, daughter.

"That defendants claim title to said lands under the aforesaid deed from Martin Kluck, Sr., directly to Josephine C. Kluck and plaintiffs contend that said deed conveyed no interest to Josephine C. Kluck."

The deed recited it was "by and between Martin Kluck, Sr. of Lawrence County, Missouri, party of the first part, husband of the grantee herein, and Josephine C. Kluck, his wife * * * party of the second part." It recited as consideration "Love and Affection and the Sum of One Dollar" and that "the party of the first part, does by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the party of the second part, a co-tenancy by the Entirety with said party of the first part in and to the following described lots, tracts and parcels of land." After the description of the land the reservation set out in the agreed statement of facts appeared. The habendum clause stated: "To Have And To Hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise appertaining, unto the said party of the second part, as cotenant by the entirety with right of survivorship; * * *."

Plaintiffs say "the main question involved in the case at bar is whether the direct conveyance from Martin Kluck, Sr., to himself and Josephine C. Kluck created a tenancy by the entirety or any interest in the land in himself and Josephine C. Kluck." Plaintiffs contend that "an estate by the entirety at common law and in Missouri involves the unities of time, title, interest and possession, as well as the husband and wife unity of ownership," citing Ahmann v. Kemper et al., 342 Mo. 944, 119 S.W.2d 256; Stife's Union Brewing Company v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A.1918C, 1009; Greene v. Spitzer et al., 343 Mo. 751, 123 S.W.2d 57; Linders v. Linders, 356 Mo. 852, 204 S.W.2d 229; Murawski v. Murawski, 240 Mo.App. 533, 209 S.W.2d 262. Plaintiffs argue that the unities of time and title are not present when "the interest of the husband was created by one deed (from his grantor), and the interest of the wife was created by another and later deed—from her husband," citing Re Estate of Walker, 340 Pa. 13, 16 A.2d 28, 132 A.L.R. 628; Pegg v. Pegg, 165 Mich.

228, 130 N.W. 617, 33 L.R.A.,N.S., 166, and other cases found in annotations 132 A.L.R. 630 and 62 A.L.R. 514. Therefore, plaintiffs claim "that a conveyance by one spouse to himself or herself and the other spouse cannot create an estate by the entireties."

In Creek v. Union National Bank in Kansas City, Mo.Sup., 266 S.W.2d 737, 751, two tenants in common in modifying a trust set over to themselves "as tenants by the entirety with right of survivorship" all their right, title and interest in the trust estate. We said (loc. cit. 752): "Construing said transfer in accord with the intent of the trustors, * * * the trustors changed 'the estate in common theretofore existing in the trust assets to an estate by the entirety in the Trustors,' meaning thereby, as pointed out by claimants in the motions, an estate of 'joint tenancy' rather than 'an estate by the entirety,' a tenancy reserved for a husband and wife relationship." As to the contention of the claimants therein that tenants in common could not by a direct conveyance create a joint tenancy in themselves, we said: "In holding that the intention of the grantor or grantors overrides purely formalistic objections based on arbitrary distinctions and niceties of the feudal common law, some cases state the majority rule is contra to claimants' position. * * * The real issue is the incident of the 'right of survivorship,' and it appears that co-owners should have the right to agree among themselves that the survivor take the entire fee."

In Therrien v. Therrien, 94 N.H. 66, 46 A.2d 538, 539, 166 A.L.R. 1023, the Supreme Court of New Hampshire had before it the same situation as we here, except that the land was owned by the wife and conveyed to the husband. The court, in holding the deed created a valid joint tenancy with rights of survivorship, said: "The prevailing trend of the recent decisions allows the owner of property to convey to himself or herself and the other spouse by one deed to create a joint tenancy or a tenancy by the entirety. * * * Neither public policy, statutes or reason prevent the parties from doing directly that which they may accomplish through a straw man indirectly. The legal effect should be no different in the case where the grantor becomes a joint grantee than in the instant case where there is a retention of a part of the title in the grantor. If a conveyance to two completely divests the grantor's title, a similar grant to one retaining a like interest in the grantor must, in like manner, divest the grantor of the part granted." (See also annotation 44 A.L.R.2d 595.)

Our long established rule is: "The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it; and the court will enforce it no matter in what part of the instrument it is found." See Davidson v. Davidson, 350 Mo. 639, 167 S.W.2d 641, 643, and cases cited. Therefore, we should hold that a deed creates the interest which the parties clearly intended it to create, without regard to purely formalistic practices, arbitrary distinctions and niceties derived from the feudal common law, in the absence of contrary public policy or prohibitory legislation. Sec. 442.025 RSMo 1959 (adopted 1953, Laws 1953, p. 615,) V.A.M.S., as well as our rule of construction in accordance with the grantor's intent, indicates a public policy in accord with this view and with our ruling in Creek v. Union National Bank, supra. We hold that the deed herein involved did create an estate in entirety in Martin Kluck, Sr., and Josephine C. Kluck, husband and wife.

The judgment is affirmed.

All concur.