**Rose Mary KALINOSKI,**
**Plaintiff/Appellant,**

**v.**

**Edward KALIN, et al.,**
**Defendants/Respondents.**

**No. 60061.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1992.

Application to Transfer Denied
June 2, 1992.

---

James Paul Beck, St. Louis, for plaintiff/appellant.

Raleigh M. Robinson, Jr., St. Louis, for defendants/respondents.

GARY M. GAERTNER, Judge.

Appellant, Rose Mary Kalinoski, appeals an order of the Circuit Court of the City of St. Louis quieting title to certain real property in both appellant and respondents rather than in appellant alone. We affirm.

On April 10, 1967, the decedent, Emilie Kalinoski, executed a general warranty deed transferring certain real property located at 4633 South Broadway in the City of St. Louis from the decedent to the decedent and the appellant, her daughter. The deed contained the following restrictions:

The grantee here in reserves unto herself an Estate for Life with full power in her to Grant, Bargain, Sell, Convey, Mortgage, Lease, and receive the issues and profits there from and the remainder at her death undisposed of to ROSE MARY KALINOSKI, her daughter.

More than twelve years later, on November 15, 1979, the decedent executed a second warranty deed on the property; this time, conveying the subject property to her-

self. Finally, on February 24, 1981, the decedent executed a third general warranty deed. In this deed, the decedent transferred the subject property to herself, the appellant and the respondents, Edward Kalin, Robert Kalinoski, Angela Blase, Mary Ann Mershamann and Bernice Roberts. In this third deed, the decedent again reserved powers:

Emilie Kalonoski for her life, with full power in the said Emilie Kalonoski, for valuable consideration or by gift, to dispose of the fee or any lesser interest, by deed, lease, mortgage or deed of trust, and the remainder, subject to the life estate and the powers hereinabove granted, unto the said Edward Kalin, Robert Kalonoski, Angela Blase, Mary Ann Mershamann, Bernice Roberts and Rosemary Kalonoski[1] and their heirs and assigns.

On August 7, 1985, the decedent died.

Considering the history of the subject property, it is, perhaps, not surprising that the courts would be resorted to some day to quiet title. On January 12, 1989, appellant filed such a petition with the circuit court contending that the 1979 and 1981 deeds were ineffective and that, under the 1967 deed, the appellant now had sole title to the property. A hearing was held on the petition on February 13, 1991, and, on March 14, 1991, the circuit court issued its order quieting title in the appellant and the respondents in conformance with the 1981 deed. In its order, the circuit court expressly found that decedent could transfer property to herself and that no consideration was needed for either the 1979 or 1981 transfers. This appeal follows.

Appellant first contends that the trial court erred in finding the decedent's transfer of the subject property to herself in the 1979 deed to be a valid exercise of the decedent's power to revoke. We disagree.

In *St. Louis County Nat. Bank v. Fielder*, 364 Mo. 207, 260 S.W.2d 483 (1953), the Missouri Supreme Court was presented with a conveyance similar to those presented in the 1967 and 1981 deeds. The court there held the conveyance to be valid, creating a vested defeasible fee in the remain-

1. We note that the spelling of the name Kalino- ski was inconsistent throughout this case.

derman and a corresponding reservation of a power to revoke the remainderman's vested interest held by the grantor/life tenant. *Fielder*, 260 S.W.2d at 484–485. In addition, the Supreme Court went on to hold that the reservation of a right to revoke is valid. *Id.* at 486. The 1967 deed is, therefore, valid.

Having found the 1967 reservation of a right to revoke to be valid, we must next consider whether the decedent could exercise this power to revoke by selling the subject property to herself. In resolving this issue, we are presented with two conflicting rules of law: 1) the common law rule that every conveyance must have a grantor, a grantee and a thing granted and a person cannot convey or deliver to himself that which he already possesses. *Deslauriers v. Senesac*, 331 Ill. 437, 163 N.E. 327, 329 (1928) citing *Cameron v. Steves*, 9 N.Brunsw. 141 (1858); J. Perkins, *A Profitable Book, Treating the Laws of England* *119 (1827); and (2) the more modern rule that "neither public policy, statutes or reason prevent the parties from doing directly that which they may accomplish through a straw party indirectly." *Kluck v. Metsger*, 349 S.W.2d 919, 921 (Mo.1961) citing *Therrien v. Therrien*, 94 N.H. 66, 46 A.2d 538, 539 (1946). The modern trend is also toward abandoning the "purely formalistic practices, arbitrary distinctions and niceties derived from feudal common law, in the absence of contrary public policy or prohibitory legislation." *Kluck*, 349 S.W.2d at 921. We believe the latter of these rules should be followed.

The rule stating that a grantor will not be able to sell property to himself goes back to the days of enfeoffment by livery of seisin. Property law in those days also required a wax seal on a deed and prohibited married women from selling or renting property, *see Perkins*, *134 and *6. These legal antiquities have since been abandoned for far more reasonable rules. Although the rule before this court, that a grantor will not be able to convey to himself, has not been abandoned by any of our sister states at this time, we see no reason to prolong the life of a rule which was written to apply to days of livery of seisin and which has no logical application or impor-

tance today. This is not to say that a grantor should be permitted to use the power to convey to himself in a manner which results in fraud to the remainderman, but only that, where the conveyance would be legal if a straw party had been used, the conveyance should be legal if a straw party is not used.

Appellant also contends that the conveyance of 1979 is invalid because it was made without valuable consideration. Although it is clear that, absent fraud, a claim of lack of consideration is insufficient to defeat a transfer of property, *Allan v. Allan*, 364 S.W.2d 578, 582 (Mo.1963), appellant cites this court to several cases holding that a life tenant retaining a power of sale cannot convey a fee interest absent valuable consideration. *See Graham v. Stroh*, 342 Mo. 686, 117 S.W.2d 258, 261 (1938); *Presbyterian Orphanage of Missouri v. Fitterling*, 342 Mo. 299, 114 S.W.2d 1004, 1007–1008 (1938). The problem with appellant's argument is that she cites us to no cases remotely similar to the one at bar. In both *Graham* and *Fitterling*, the grantor and life tenant were separate parties and the grant involved a power of sale not a power to revoke. Clearly, where a mere power of sale is involved, a life tenant should not be able to give the property away or sell it for a minimal sum as this would have the effect of allowing the life tenant to cheat a remainderman out of its future interest and defeat the intent of the grantor to have its property some day go to the remainderman. This concern does not exist in the present case.

In the present case, the grantor and the life tenant are the same person. The concern regarding the intent of the grantor, therefore, is not implicated. More importantly, the deed itself expressly permitted the decedent to revoke the remainderman's interest so long as the grantor uses one of the manners specified on the face of the deed. Finally, we do not believe that the power to revoke reserved in the deed would have much meaning if it could only be exercised for valuable consideration. To grant appellant her position would have the effect of eliminating powers to revoke and allow the remainderman to frustrate the intent of the grantor by turning powers to

revoke into mere powers to sell. This we refuse to do. Point denied.

Finally, appellant contends that the 1981 deed was invalid because it was transferred by a life tenant absent valuable consideration. We note that this point is similar to appellant's second point and, had we found that decedent could not transfer property to herself, we would have rejected appellant's argument on this point for similar reasons. However, as we find that appellant did not need to use a straw party to convey the property to herself in 1979, appellant's argument fails for another reason.

After the conveyance in 1979, appellant no longer held a mere life tenancy with power to revoke, but, having exercised the power to revoke to sell to herself, held the entire estate in fee simple. Clearly, a fee holder can transfer property without consideration. *Mattingly v. Bruckerhoff,* 603 S.W.2d 11, 13 (Mo.App., E.D.1980). Appellant's argument is, therefore, rejected.

The order of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.