**James C. JAMIESON, Jr. and Carol Ann Hudson, Plaintiffs/Appellants,**

v.

**June JAMIESON, et al., Defendants/Respondents.**

**No. 67240.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 11, 1995.

Application to Transfer Denied Jan. 23, 1996.

---

2. Now, *see* 1 A. & L. Larson, *The Law of Work-* men's Compensation, § 17.11, p. 4–209.

James J. Sauter, Deeba Sauter Herd, St. Louis, for appellants.

Mark T. Stoll, Hillsboro, Michael P. Stephens, St. Louis, for respondents.

SMITH, Presiding Judge.

Plaintiffs sought by declaratory judgment to have the court declare that they were the owners in fee simple of a thirty acre tract of real estate in Jefferson County. The trial court entered summary judgment for defendants and plaintiffs appeal. We affirm.

On June 21, 1973, James C. Jamieson, Sr. (Decedent), a widower, executed and recorded a general warranty deed to a 30 acre tract of real estate. The deed provided:

> Said party of the First Part hereby reserves a life estate unto said property, with power to sell, rent, lease, mortgage, or otherwise dispose of said property, during his natural life time. Then the remainder in fee to James C. Jamieson, Jr., and Carol Ann Hudson, as tenants in common.

The named remaindermen (Plaintiffs) are decedent's children. On January 4, 1974, decedent married June Jamieson (Defendant). On January 11, 1986, decedent executed a quit-claim deed to the property conveying the tract to defendant. The deed was acknowledged but in its original form never recorded. On the same day, but after the acknowledgement, decedent made some alterations to the deed. He added " & June Jamieson, his wife" to the blank for the names of the parties of the first part; he added "and James C. Jamieson" to the blank for the names of the parties of the second part; he added the signature "James C. Jamieson" above the signature "J.C. Jamieson". No new acknowledgement of the deed was made but decedent did record it.

On December 20, 1989, decedent died. On August 9, 1991, defendant executed a note to William and Frederica Parrish for $75,000, secured by a Deed of Trust on the property. The Parrishes were allowed to intervene. They and defendant moved for summary judgment which was granted.

When considering an appeal from the granting of a summary judgment our review is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993) [4–6]. We must determine whether there is genuine dispute as to material facts and whether there is an undisputed right to judgment as a matter of law. *Id.* at [12]. The material facts are undisputed.

In granting the summary judgment the court relied upon *St. Louis County Nat. Bank v. Fielder*, 364 Mo. 207, 260 S.W.2d 483 (Mo. banc 1953) and *Kalinoski v. Kalin*, 829 S.W.2d 24 (Mo.App.1992). In *Fielder*, decedent deeded property to defendant and reserved a life estate "with power to sell, rent, lease, mortgage or otherwise dispose of said property during his natural lifetime." The Court held that this language reserved in the decedent the power to revoke the gift to defendant. The deed created a defeasible fee subject to the life estate. *Id.* at [6].

In *Kalinoski*, decedent deeded property to plaintiff but reserved in herself a life estate "with full power in her to Grant, Bargain, Sell, Convey, Mortgage, Lease, and receive the issues and profits there from." Some years later decedent deeded the property to herself without valuable consideration. Two years later she executed a third deed transferring the property to herself, plaintiff and defendants. We held that under *Fielder* the decedent had reserved a power in the first deed to revoke. Her transfer to herself by the second deed was a valid exercise of the power to revoke. 829 S.W.2d at [1]. Where a mere power of sale is involved, a life tenant should not be able to give the property away or sell it for a minimal sum, as this would have the effect of allowing the life tenant to cheat the remainderman out of her future interest and defeat the intent of the grantor. *Id.* at [3–5]. However, because the 1973

deed was a gift to the remaindermen, a right to revoke was involved. The grantor and the life tenant are the same person and the intent of the grantor is not involved and the grantor may revoke despite the lack of valuable consideration. The reservation clause in the 1973 deed is identical to that in *Fielder* and grants to the life tenant the right to revoke. Plaintiffs acknowledge that the reservation clause allows revocation by the decedent but contends that it can only be done by one of the methods specified in the reservation clause, and that the sale to defendant and decedent for $1 is not one of the methods provided. Even if a "sale" did not occur, which we need not decide, the method utilized comports with the "otherwise dispose of" language of the reservation clause. "Otherwise" has been defined as "in a different way or manner", "in any other way", "differently" or "contrarily". *State ex rel. Schwab v. Riley*, 417 S.W.2d 1 (Mo. banc 1967) [2–8]; *Lynch v. Murphy*, 119 Mo. 163, 24 S.W. 774 (1893) [1. c. 775]. "Dispose of" is defined as "to transfer into new hands or to the control of someone else (as by selling or bargaining away): RELINQUISH, BESTOW". *Webster's Third New International Dictionary* 654 (14th Ed.1961). In *Melton v. Wyatt*, 517 S.W.2d 242 (Ky.App.1974) the court held that "otherwise dispose of" included giving the property away. The decedent here, just as in *Kalinoski*, was allowed under the reservation clause to revoke his gift to plaintiff by deeding the property to himself and his wife without consideration.

■■■■ Plaintiffs introduced the affidavit of the scrivener of the 1973 deed to show an intent that decedent could sell the property only because of financial need. The intention of the grantor is primarily ascertained from the four corners of the instrument, unless the instrument is ambiguous. *Amitin v. Izard*, 252 S.W.2d 635 (Mo.App.1952) [4, 5]; *Hooks v. Spies*, 583 S.W.2d 569 (Mo.App.1979) [2]. Where the legal construction of an instrument gives it a certain and definite meaning and effect, the instrument cannot be said to be ambiguous. *Wolf v. Miravalle*, 372 S.W.2d 28 (Mo.1963) [3]. Where ambiguity does not exist oral evidence of intention is universally excluded. *Id.* Under *Fielder* and *Kalinoski* the deed is not ambiguous.

■■■■ Plaintiffs also challenge the summary judgment on the basis that the 1973 deed was not properly acknowledged. All deeds or other conveyances of lands, or of an estate or interest therein, must be subscribed by the grantor and acknowledged. § 442.130 RSMo.1986. Upon alteration after acknowledgment of an instrument, a new acknowledgment is necessary. 1A C.J.S. *Acknowledgments* § 11 (1985). However, acknowledgment is not a pre-requisite to the validity of a deed or to a valid transfer of title from grantor to grantee. *Pine Lawn Bank and Trust Company v. Urbahns*, 417 S.W.2d 113 (Mo.App.1967) [9–11]. The purpose of acknowledgment is to admit the instrument to record and to protect creditors and subsequent purchasers. *Id.; Brim v. Fleming*, 135 Mo. 597, 37 S.W. 501 (1896) [1. c. 504]. Where the formal acknowledgment is defective or irregular the instrument is not invalidated as between the parties or persons having actual notice of the deed. 1A C.J.S. *Acknowledgments* § 13 (1985). The recordation of the unacknowledged instrument is a nullity and will not provide constructive notice to any subsequent purchaser. *Id.; Hatcher v. Hall*, 292 S.W.2d 619 (Mo.App. 1956) [1–3]. Therefore, only those standing in the position of purchasers for value without notice can take advantage of a defective acknowledgment. *Mastin v. Halley*, 61 Mo. 196 (1875) [1. c. 199]; *Bishop v. Schneider*, 46 Mo. 472 (1870) [1. c. 482]. Plaintiffs were not purchasers for value without notice.

■■■■ Finally plaintiffs contend that the 1986 deed could transfer no more than the life interest of the grantor. A quit-claim deed passes the whole of grantor's interest in the property. § 442.460 RSMo.1986; *St. Louis Land and Building Ass'n v. Fueller*, 182 Mo. 93, 81 S.W. 414 (1904) [1. c. 417]. Decedent had more than a life estate in the property. He also had a power to revoke and to convey fee title. He had the power to convey a fee title which he did by the 1986 deed. That the deed was a quit-claim rather than a warranty deed is of no import. For the purpose of transferring title, a quit-claim deed is as effective as any other deed.

*Humphrey v. Sisk,* 890 S.W.2d 18 (Mo.App. 1994) [5, 6].

Judgment affirmed.

GARY M. GAERTNER and RHODES, JJ., concur.